IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DEMETRIO P. PANTOJA,

      Plaintiff,                                     No. CIV S-12-262 GEB EFB PS

     vs.

BAC HOME SERVICING, LP, et al.,

      Defendants.                              ORDER TO SHOW CAUSE

       This case, in which plaintiff is proceeding pro se, is before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21). *See* 28 U.S.C. § 636(b)(1). On February 17, 2012, defendants Bank of America, N.A. as successor by merger to BAC Home Loans Servicing, L.P., and ReconTrust Company, N.A. ("defendants"), filed a motion to dismiss plaintiff's complaint. Dckt. No. 32. The motion is noticed for hearing on April 4, 2012. Dckt. No. 34.

       Court records reflect that plaintiff has filed neither an opposition nor a statement of non-opposition to the motion. Local Rule 230(c) provides that opposition to the granting of a motion, or a statement of non-opposition thereto, must be served upon the moving party, and filed with this court, no later than fourteen days preceding the noticed hearing date or, in this instance, by March 21, 2012. Local Rule 230(c) further provides that "[n]o party will be entitled

1

to be heard in opposition to a motion at oral arguments if opposition to the motion has not been timely filed by that party."

Local Rule 183, governing persons appearing in pro se, provides that failure to comply with the Federal Rules of Civil Procedure and Local Rules may be ground for dismissal, judgment by default, or other appropriate sanction. Local Rule 110 provides that failure to comply with the Local Rules "may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." *See also Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) ("Failure to follow a district court's local rules is a proper ground for dismissal."). Pro se litigants are bound by the rules of procedure, even though pleadings are liberally construed in their favor. *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

Accordingly, good cause appearing, IT IS HEREBY ORDERED that:

1. The hearing on defendants' motion, Dckt. No. 32, is continued to May 9, 2012.

2. Plaintiff shall show cause, in writing, no later than April 25, 2012, why sanctions should not be imposed for failure to timely file an opposition or a statement of non-opposition to the pending motion.

3. Plaintiff shall file an opposition to the motion, or a statement of non-opposition thereto, no later than April 25, 2012.

4. Failure of plaintiff to file an opposition will be deemed a statement of non-opposition to the pending motion, and may result in a recommendation that the motion and related request for sanctions be granted.

5. Defendants may file a reply to plaintiff's opposition on or before May 2, 2012.

SO ORDERED.

DATED: March 29, 2012.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

2